# In the United States Court of Federal Claims

No. 21-1922C
(Filed: November 19, 2021)*
*Opinion originally filed under seal on November 16, 2021

|  |  |  |
|---|---|---|
| 22ND CENTURY TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Bid Protest; Motion to Dismiss for Lack of Subject Matter Jurisdiction; |
| THE UNITED STATES, | ) ) | RCFC 12(b)(1); Size Determination; SBA; OHA; Federal Acquisition |
| Defendant, | ) | Streamlining Act; FASA |
| and | ) ) | |
| FIBERTEK, INC., | ) ) | |
| Defendant-Intervenor. | ) ) | |

*W. Brad English*, Huntsville, AL, with whom were *Jon D. Levin, J. Dale Gipson, Emily J. Chancey,* and *Nicholas P. Greer*, Huntsville, AL, for plaintiff.

*Mikki Cottet*, Civil Division, United States Department of Justice, Washington, DC, with whom were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey, Jr.*, Acting Director, and *Patricia M. McCarthy*, Assistant Director, for defendant. *Dana Chase* and *Major Jason Coffey*, United States Department of the Army, and *Christopher J. McClintock*, United States Small Business Administration, of counsel.

*Seth H. Locke*, Washington, DC, for defendant-intervenor. *Brenna D. Duncan*, of counsel.

**OPINION**

**FIRESTONE,** *Senior Judge*.

Plaintiff 22nd Century Technologies, Inc., invoking this court's bid protest jurisdiction, 28 U.S.C. § 1491(b)(1),[1] challenges the United States Department of the

---

[1] Under 28 U.S.C. § 1491(b)(1), this court may review "an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a

Army's decision to terminate a task order awarded to 22nd Century as a small business. The termination followed a determination by the Small Business Administration's (SBA) Office of Hearings and Appeals (OHA) that 22nd Century was not a small business when 22nd Century submitted its proposal for the task order. Following the termination of 22nd Century's task order award, the Army awarded the task order to defendant-intervenor Fibertek, Inc. 22nd Century does not challenge the task order award to Fibertek.

The government and Fibertek have moved to dismiss 22nd Century's case for lack of subject matter jurisdiction on two grounds: (1) the Federal Acquisition Streamlining Act (FASA), 10 U.S.C. § 2304c(e),[2] bars this court from hearing 22nd Century's challenge because it arises "in connection with the issuance . . . of a task . . . order," and (2) 22nd Century has alleged not a bid protest but an unripe contract administration claim that must be brought using the procedures of the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-09. For the reasons explained below, the court concludes that 22nd Century's protest is barred by FASA, and the government and Fibertek's motions to dismiss, ECF Nos. 26, 27, are **GRANTED**. 22nd Century's motion for a preliminary injunction, ECF No. 3, is **DISMISSED AS MOOT**.

---

proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."

[2] As explained below, FASA bars this court from hearing a "protest" made "in connection with the issuance or proposed issuance of a task or delivery order," except under limited circumstances not alleged here. 10 U.S.C. § 2304c(e).

## I. BACKGROUND

The following facts are taken from 22nd Century's complaint and appendix unless otherwise noted. On March 25, 2015, the Army issued Solicitation No. W15P7T-15-R-0008 for a multiple award indefinite-delivery indefinite-quantity (IDIQ) contract seeking to procure knowledge-based support services for requirements with Command, Control, Communications, Computers, Intelligence, Surveillance, and Reconnaissance related needs. Compl. ¶ 6, ECF No. 1. The IDIQ contract is an unrestricted procurement under North American Industry Classification System (NAICS) code 541712, Research and Development in Physical, Engineering, and Life Sciences (except Biotechnology), with a corresponding 500 employee size standard.[3] Id. ¶ 7; id. at A28. Though the IDIQ contract was not limited to small businesses, by its terms the Army could restrict task order competitions under the IDIQ contract to small businesses. Id. ¶ 8; id. at A28.

On May 6, 2015, 22nd Century submitted its proposal for the IDIQ contract. Id. ¶ 9. At that time, 22nd Century was a small business. Id. 22nd Century was an eventual awardee of the IDIQ contract. Id.

On December 29, 2020, the Army issued Solicitation No. W9090MY-21-R-D002 for a task order under the IDIQ contract ("Task Order RFP"). Id. ¶¶ 1, 10. The task order is to provide U.S. Central Command with Near Real Time Identity Operations services. Id. at A6. The Task Order RFP provided that the task order was "restricted to

---

[3] NAICS code 541715, with a corresponding 1,000 employee size standard, has replaced NAICS code 541712. See Compl. ¶ 11 n.1; Def.'s Mot. at 4 n.1, ECF No. 26. NAICS code 541715 applies to the task order at issue in this case. Compl. ¶ 11.

small businesses" under NAICS Code 541715, *see supra* n.3, and required that offerors represent which category of business they qualified for, including "not a small business concern." Compl. ¶ 11.

On February 8, 2021, 22nd Century, Fibertek, and Ideal Innovations, Inc. submitted initial offers. *Id.* ¶¶ 12, 15; *id.* at A29. On May 7, 2021, the Army awarded the task order to 22nd Century. *Id.* ¶ 14.

On May 11 and 14, 2021, Ideal Innovations and Fibertek, the unsuccessful offerors, submitted size protests to the contracting officer, claiming, among other things, that the Task Order RFP required offerors to recertify their size status with the submission of their proposal, and, as of the February 8, 2021 proposal due date, 22nd Century was not a small business under NAICS Code 541715. *Id.* ¶ 15; *see id.* at A6, A15. 22nd Century concedes it was not a small business as of February 8, 2021 but argued that applicable law made its size on May 6, 2015—the date it submitted its proposal for the IDIQ contract—determinative. *Id.* ¶¶ 12, 16. The size protests were submitted to the relevant SBA Area Office for review.[4]

On June 4, 2021, the Area Office made a formal size determination, finding that 22nd Century is an "other than small" business for the Task Order RFP. *Id.* ¶ 17. The Area Office concluded that the size status of 22nd Century was to be determined as of

---

[4] Under Subpart 19.3 of the Federal Acquisition Regulation and Part 121 of Title 13 of the Code of Federal Regulations, an offeror may submit to a contracting officer a protest regarding the small business representation of another offeror in a specific offer. *Harmonia Holdings Grp., LLC v. United States*, 147 Fed. Cl. 756, 775 (2020). The contracting officer forwards the protest to the proper SBA Area Office to make a formal size determination. *Id.* The Area Office's determination may be appealed to OHA. *Id.*

February 8, 2021, the date 22nd Century submitted its offer, at which time 22nd Century concedes it was not a small business. *Id.* ¶¶ 12, 17.

After the Area Office made this size determination, on June 7, 2021, the contracting officer terminated 22nd Century's task order by issuing a notice of termination for convenience. *Id.* ¶ 19; *see id.* at A21, A24-25.

On June 16, 2021, 22nd Century appealed the Area Office's size determination to the SBA's OHA. *Id.* ¶ 20; *id.* at A27. On September 21, 2021, after examining the language of the Task Order RFP, OHA affirmed the Area Office's size determination. *Id.* ¶ 21; *id.* at A27-A43.

On September 21, 2021, the Army reaffirmed its June 7, 2021 termination for convenience, and requested that 22nd Century submit its termination for convenience proposal by September 24, 2021. *Id.* ¶ 22; *id.* at A21. On September 27, 2021, the Army issued the task order award to Fibertek.[5] Mot. to Intervene Mem. at 3, ECF No. 10-1.

22nd Century did not submit to the contracting officer a termination for convenience proposal. Instead, on September 28, 2021, 22nd Century filed this post-award bid protest pursuant to the Tucker Act, 28 U.S.C. § 1491(b)(1). Compl. ¶ 4. 22nd Century asserts two counts. First, 22nd Century contends that OHA's decision regarding 22nd Century's size status violated "applicable law" governing the timing of size

---

[5] The facts surrounding the award to Fibertek were not set forth in 22nd Century's complaint. However, in determining whether a plaintiff has met its burden of establishing this court's subject matter jurisdiction, the court may look "beyond the pleadings and inquire into jurisdictional facts in order to determine whether jurisdiction exists." *SigNet Techs., Inc. v. United States*, 154 Fed. Cl. 396, 405 (2021) (quotation omitted).

determinations under IDIQ contracts and, therefore, the court should set aside that decision. *Id.* ¶¶ 1, 16-17, 26 (citing 13 C.F.R. § 121.404). 22nd Century requests that the court declare that OHA's size determination was irrational, arbitrary, capricious, an abuse of discretion, and contrary to law, and direct the SBA to determine 22nd Century's size as of May 6, 2015, the date of its proposal on the initial IDIQ contract. *Id.*, Prayer for Relief ¶¶ B, C.

Second, 22nd Century contends that the Army's decision to terminate 22nd Century's task order based on OHA's decision was arbitrary and irrational. *Id.* ¶ 30. 22nd Century requests that the court preliminarily and permanently enjoin the Army from terminating the task order and require the Army to proceed with 22nd Century's performance of the task order. *Id.*, Prayer for Relief ¶¶ A, D, E. 22nd Century does not, however, challenge the task order award to Fibertek, and Fibertek is proceeding with the work under the task order. *See* Pl.'s Resp. at 19 n.10, ECF No. 28.

Along with its complaint, 22nd Century filed a motion for a preliminary injunction, seeking to enjoin the Army from terminating the task order awarded to 22nd Century. Mot. for Prelim. Inj. at 1, ECF No. 3. Following a joint status conference during which the parties agreed to brief jurisdictional issues first, the court set an expedited schedule on motions to dismiss. *See* Scheduling Order, ECF No. 17.

On October 13, 2021, the government and Fibertek filed motions to dismiss, arguing that 22nd Century's complaint must be dismissed for lack of subject matter jurisdiction, for two reasons. First, the government and Fibertek argue that FASA bars this court's review of 22nd Century's case because it is a "protest" made "in connection

6

with the issuance or proposed issuance of a task or delivery order." Def.'s Mot. at 8-12 (citing 10 U.S.C. § 2304c(e)); Def.-Int.'s Mem. at 7-12, ECF No. 27-1. Second, the government and Fibertek argue that although 22nd Century styles its complaint as arising under this court's bid protest jurisdiction, its allegations concern Army conduct post-dating 22nd Century's task order award and are in effect unripe CDA challenges to the termination of the task order. Def.'s Mot. at 12-13; Def.-Int.'s Mem. at 1, 5-7.

In response, 22nd Century argues that its challenge is not barred by FASA because it is not a "protest," nor is it made "in connection with" a task order. Pl.'s Resp. at 10-15. Rather, 22nd Century contends, it is challenging OHA's size determination, which is "obviously discrete and separate from the task order award." *Id.* at 10-12. 22nd Century further argues that this case can be heard under the court's bid protest jurisdiction because, despite being a post-award challenge, "22nd Century is suing because it lost a contract," and is not seeking to resolve a "post-award, administrative dispute." *Id.* at 18.

The government replies that FASA's unambiguous bar applies here, where "[n]early every allegation in the complaint demonstrates that OHA's size determination was critical to the Army either moving forward with the task order award with 22nd Century or terminating the award to 22nd Century and issuing the task order to another offeror." Def.'s Reply at 6, ECF No. 29 (emphasis omitted). The government further argues that 22nd Century's contention that 22nd Century's challenge is not a "protest" under FASA is incorrect under the United States Court of Appeals for the Federal Circuit's precedent. *Id.* at 4. Fibertek likewise replies that controlling precedent regarding FASA bars this court from considering 22nd Century's bid protest, as 22nd

Century's allegations "draw a direct connection between" the task order and OHA's decision. Def.-Int.'s Reply at 2-8, ECF No. 30. Fibertek reiterates that 22nd Century's allegations are in fact challenges to the Army's administration of the task order and amount to an unripe CDA claim. *Id.* at 8-9.

Oral argument was held on November 9, 2021.

## II.  LEGAL STANDARDS

Whether the court has jurisdiction to decide the merits of a case is a threshold issue. *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356 (Fed. Cir. 2003). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

## III.  DISCUSSION

The central question in this case is whether 22nd Century's challenges to the SBA's OHA decision and the Army's actions made in reliance on that decision are barred by FASA and thus outside of this court's jurisdiction. Under the Tucker Act, this court may review "an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). This court and the

Federal Circuit have held that OHA decisions may be reviewed by this court under what the Federal Circuit has referred to as the last "prong" of the Tucker Act, *see SRA Int'l, Inc. v. United States*, 766 F.3d 1409, 1412 (Fed. Cir. 2014): when they are made "in connection with a procurement or a proposed procurement." *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1254 (Fed. Cir. 2015) (finding an OHA NAICS code determination an action "in connection with a proposed procurement"); *Paradigm Eng'rs & Constructors, PLLC v. United States*, 147 Fed. Cl. 487, 494 (2020) ("Because the OHA's decision denying Paradigm's appeal was made 'in connection with a procurement,' the Court has jurisdiction over this claim."); *Team Waste Gulf Coast, LLC v. United States*, 135 Fed. Cl. 683, 687 (2018) ("This court may review a decision of the SBA when that decision constitutes an action 'in connection with a procurement.'"); *Straughan Env't, Inc. v. United States*, 135 Fed. Cl. 360, 371 (2017).

However, this court's jurisdiction has been expressly limited by Congress in FASA, 10 U.S.C. § 2304c(e),[6] which states that:

> (1) A protest is not authorized in connection with the issuance or proposed issuance of a task or delivery order except for--
>
> > (A) a protest on the ground that the order increases the scope, period, or maximum value of the contract under which the order is issued; or
> >
> > (B) a protest of an order valued in excess of $25,000,000.
>
> (2) Notwithstanding section 3556 of title 31, the Comptroller General of the United States shall have exclusive jurisdiction of a protest authorized under paragraph (1)(B).

---

[6] This provision will be moved to 10 U.S.C. § 3406 effective January 1, 2022. *See* Def.'s Mot. at 8 n.2. The civilian version of this provision of FASA is found at 41 U.S.C. § 4106(f). *See* Def.'s Mot. at 9.

9

The Federal Circuit has interpreted FASA's bar on "protests" made "in connection with the issuance or proposed issuance of a task or delivery order" strictly.  In *SRA International, Inc. v. United States*, the Federal Circuit held that protests involving agency actions that are "directly and causally connected" to the issuance of a task order are barred by FASA.  766 F.3d at 1413.  The Federal Circuit reasoned that the "statutory language of FASA is clear and gives the court no room to exercise jurisdiction over claims made 'in connection with the issuance or proposed issuance of a task or delivery order.'"  *Id.*  Although acknowledging that FASA "is somewhat unusual in that it effectively eliminates all judicial review for protests made in connection with a procurement designated as a task order," except in limited circumstances not relevant here, the Federal Circuit in *SRA International* nevertheless stated that "Congress's intent to ban protests on the issuance of task orders is clear from FASA's unambiguous language."  *Id.*; *see also, e.g., Harmonia Holdings Grp., LLC v. United States*, No. 21-1704C, 2021 WL 4737455, at *3 (Fed. Cl. Sept. 27, 2021) ("The Federal Circuit has recognized the FASA protest bar as expansive and unyielding."); *OST, Inc. v. United States*, 140 Fed. Cl. 662, 666 (2018).

The court recognizes along with the parties that the FASA bar does not preclude the court from exercising jurisdiction in every protest involving a task order.  For example, several courts have exercised bid protest jurisdiction despite FASA's task order bar where the procuring agency decides to cancel a solicitation and then procure the same services through the issuance of a task order.  *See, e.g., BayFirst Sols., LLC v. United*

10

*States*, 104 Fed. Cl. 493, 498, 507-08 (2012); *MORI Assocs., Inc. v. United States*, 102 Fed. Cl. 503, 510, 525 (2011).  In determining whether FASA's bar applies, the court evaluates the "connectedness of each challenged procurement decision to the issuance or proposed issuance of a task order." *BayFirst*, 104 Fed. Cl. at 503.  In this case, the court must evaluate whether the OHA decision and the Army actions challenged by 22nd Century are directly connected to the task order or are "logically distinct" from it; if the decisions are "logically distinct," the FASA bar does not apply.  *MORI Assocs.*, 102 Fed. Cl. at 533-34.

Applying these standards, the court concludes that 22nd Century's challenge is clearly made in connection with the issuance of a task order and is therefore barred by FASA.  As the government and Fibertek argue, the allegations made and relief sought in 22nd Century's complaint draw a direct and causal connection between the task order and OHA and the Army's challenged decisions.  *See* Compl. ¶¶ 14-30, Prayer for Relief.  For example, 22nd Century bases its standing on its initial award of the task order.  *Id.* ¶ 5.  22nd Century's complaint describes the terms of the Task Order RFP and the SBA Area Office's and OHA's interpretation of those terms.  *Id.* ¶¶ 10-21.  22nd Century then challenges OHA's interpretation, and the Army's decision to terminate 22nd Century's task order award based on OHA's interpretation.  *Id.* ¶¶ 23-30.  22nd Century's challenges, as alleged in its complaint, are plainly connected to the issuance of the subject task order.

22nd Century claims that this case falls outside of the scope of FASA's task order bar because OHA's size determination is a "discrete and separate" decision temporally

distanced from the Army's task order award to 22nd Century.[7] Pl.'s Resp. at 10-11. The court disagrees. Even though the size determination here was made by OHA, an entity different from the procuring agency, there is nothing in FASA that limits its application to the actions of the procuring agency. As discussed above, OHA decisions may otherwise be challenged in this court as bid protests under the Tucker Act's last prong, but the court's jurisdiction under the Tucker Act is limited by FASA.

As 22nd Century's allegations demonstrate, the challenged OHA decision is "directly and causally" connected to the task order at issue and therefore falls within FASA's purview. *See SRA Int'l*, 766 F.3d at 1413. OHA's decision arises from size protests directly related to the task order awarded to 22nd Century. Compl. ¶ 15. OHA's decision interprets the Task Order RFP's terms. *Id.* ¶ 21. In challenging OHA's decision, 22nd Century asks this court to interpret the Task Order RFP's terms. *Id.* ¶ 26, Prayer for Relief ¶¶ B, C. 22nd Century also challenges the Army's termination of the task order award based on OHA's decision, *id.* ¶ 30, Prayer for Relief ¶¶ A, D, an action that is indisputably connected to the task order. Because of these direct connections, 22nd Century's challenge based on OHA's decision is barred by FASA.

---

[7] 22nd Century also suggests that if the court determines that FASA bars its challenge to the OHA decision, the court will be improperly foreclosing judicial review of OHA decisions in all cases involving task or delivery orders that do not otherwise qualify for an exception under FASA. *See* Pl.'s Resp. at 13. This may be true; however, as the government and Fibertek argue, *see* Def.'s Reply at 2 n.2; Def.-Int.'s Reply at 6-7, the Federal Circuit has recognized that limiting judicial review of task and delivery orders is the unambiguous intent of FASA's task order bar. *SRA Int'l*, 766 F.3d at 1413.

For these same reasons, the temporal gap between OHA's decision and the issuance of the task order to 22nd Century does not render OHA's decision unreachable by FASA's task order bar, as 22nd Century argues. *See* Pl.'s Resp. at 7, 10-11. The Federal Circuit has rejected the contention that the timing of the challenged agency action is dispositive, stating that "the temporal disconnect" between an agency's challenged action and the issuance of a task order does not necessarily "remove [the agency's action] from FASA's purview." *SRA Int'l*, 766 F.3d at 1413. Here, the 137-day period, *see* Pl.'s Resp. at 10, between the issuance of the task order to 22nd Century and OHA's decision does not overcome the fact that OHA's challenged decision is directly connected to the issuance of the task order to 22nd Century. *See SRA Int'l*, 766 F.3d at 1412-13 (holding that FASA applied, even though the challenged agency action took place 102 days after the task order award, where the challenged agency action was directly connected to the issuance of a task order, despite being executed after issuance).

The cases primarily relied on by 22nd Century do not alter this conclusion. *See* Pl.'s Resp. at 4-10, 14-15 (citing *BayFirst*, 104 Fed. Cl. at 502, 507-08; *MORI Assocs.*, 102 Fed. Cl. at 533; *Tolliver Grp., Inc. v. United States*, 151 Fed. Cl. 70, 95-96, 99-101 (2020); *North Wind Site Servs., LLC v. United States*, 142 Fed. Cl. 802, 806-13 (2019)).[8] These cases all involve circumstances distinguishable from the facts of this case. In

---

[8] 22nd Century also cites this court's decision in *LB&B Associates Inc. v. United States*, 68 Fed. Cl. 765, 770 (2005), where the court determined that it had jurisdiction to consider a challenge to an OHA decision similar to 22nd Century's here. *See* Pl.'s Resp. at 14-15. However, FASA's jurisdictional bar was not briefed before the court in that case, and the case was also decided before the Federal Circuit's opinion in *SRA International*.

*BayFirst*, *MORI Associates*, and *Tolliver*,[9] the relevant agencies cancelled solicitations and proposed to procure or procured the services under a different procurement vehicle involving task orders. *MORI Assocs.*, 102 Fed. Cl. at 510-16; *BayFirst*, 104 Fed. Cl. at 498-99; *Tolliver*, 151 Fed. Cl. at 80-83. The plaintiffs in those cases raised challenges to the agencies' cancellation decisions and the lawfulness of the replacement procurement method, separate from any individual task order. *MORI Assocs.*, 102 Fed. Cl. at 510-11; *BayFirst*, 104 Fed. Cl. at 500-01; *Tolliver*, 151 Fed. Cl. at 84. The courts concluded that these decisions arose during a stage of the procurement process that was logically distinct from the issuance or proposed issuance of any individual task order, such that FASA's bar was inapplicable. *See MORI Assocs.*, 102 Fed. Cl. at 533-34 (holding that the challenge to the lawfulness of the replacement procurement method, claiming that the agency failed to comply with the "Rule of Two," was within the court's jurisdiction despite FASA); *Tolliver*, 151 Fed. Cl. at 93-94 (same); *BayFirst*, 104 Fed. Cl. at 507-08 (holding that the cancellation decision was within the court's jurisdiction despite FASA). Here, in contrast, 22nd Century's challenge to OHA's decision is not a challenge to a

---

[9] To the extent that 22nd Century also relies on *Tolliver* for the proposition that the court may hear any protest involving a task order when brought under the last "prong" of the Tucker Act, because such a challenge is not a "protest" under FASA, *see* Pl.'s Resp. at 12 (stating that actions that "arise under the [last] prong" of the Tucker Act "are not 'protests' barred by FASA"), the court disagrees with this reading. The challenge in *SRA International* arose under the Tucker Act's last "prong," and the Federal Circuit held that this challenge was barred by FASA. 766 F.3d at 1413 ("Even if the protestor points to an alleged violation of statute or regulation, as SRA does here, the court still has no jurisdiction to hear the case if the protest is in connection with the issuance of a task order."). In addition, as discussed *infra*, *Tolliver* involves facts distinguishable from this case, and the court in *Tolliver* recognized that bid protests arising under the Tucker Act's last "prong" could be FASA barred under *SRA International*. *See Tolliver*, 151 Fed. Cl. at 104, 105 n.48.

discrete procurement action entirely distinct from the issuance of a task order. As discussed above, 22nd Century's allegations in this case directly and exclusively involve the subject task order.

This court's decision in *North Wind* is also distinguishable. There the protestor, an unsuccessful bidder, challenged the agency's decision not to terminate the award of an IDIQ contract set aside for small businesses after the SBA Area Office and OHA decided that the contract awardee was not an eligible small business. 142 Fed. Cl. at 809. The protestor also challenged subsequent task orders issued to the awardee under the IDIQ contract, even though the awardee was determined to be ineligible. *Id.* at 809-10. The SBA Area Office and OHA decisions were not at issue. This court reached the merits of the protestor's challenge to the agency's decision not to terminate the awardee's IDIQ contract but decided that FASA barred the challenges to the subsequent task orders. *Id.* at 810-13. As 22nd Century recognizes, *North Wind* involved two separate challenges to two "discrete" agency decisions: one to a decision related to the award of the underlying IDIQ contract vehicle, for which the court reached the merits, and another to the task orders issued under that vehicle, which the court determined was FASA barred. Pl.'s Resp. at 14-15. In contrast, here, 22nd Century's challenges relate only to the task order issued to 22nd Century.

For all of these reasons, the court concludes that 22nd Century's challenges in this case are made in connection with the issuance of a task order and are barred by FASA.

The court therefore grants the government and Fibertek's motions to dismiss and dismisses this case for lack of subject matter jurisdiction.[10]

## IV. CONCLUSION

For the foregoing reasons, the government and Fibertek's motions to dismiss, ECF Nos. 26, 27, are **GRANTED**. This case is dismissed for lack of subject matter jurisdiction. 22nd Century's motion for a preliminary injunction, ECF No. 3, is **DISMISSED AS MOOT.** Each party shall bear its own costs. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge

---

[10] Given the court's conclusion that FASA bars 22nd Century's action, the court does not reach the government and Fibertek's alternative arguments.